**BROWER CORPORATION, Rodney G. Brower, James C. Brower and Brower Enterprises, Appellants–Defendants,**

v.

**Frank BRATTAIN and Laurie Brattain, Appellees– Plaintiffs.**

No. 30A04–0212–CV–629.

Court of Appeals of Indiana.

July 24, 2003.

Robert L. Bever, Joel E. Harvey, Boston, Bever, Klinge, Cross & Chidester, Richmond, IN, Attorneys for Appellants.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellants–Defendants, Brower Corporation, Rodney G. Brower, James C. Brow-

er, and Brower Enterprises (collectively "Brower") appeal the trial court's denial of their Motion to Transfer for Improper Venue.

Affirmed.

*ISSUE*

Brower raises two issues on appeal, which we restate as follows: whether the trial court abused its discretion in denying Brower's Motion to Transfer for Improper Venue.[1]

*FACTS AND PROCEDURAL HISTORY*

Brower Corporation is a closely held Indiana corporation engaged in the landscaping and nursery business. The sole officers and directors of the corporation are brothers, Rodney and James Brower. The brothers each owned fifty percent of the corporation. However, in August of 1997, the brothers amended Brower Corporation's Articles of Incorporation to create a second class of non-voting stock. This class of stock was created to assist in annual gifting and estate planning purposes.

From August to October of 1997, the brothers began making gifts of Brower Corporation stock to their children. Rodney has three children: William Brower, Cheryl Jacques, and Laurie Brattain. James also has three children. From 1997 through 2001, annual gifts of stock have been made to the six children, who are now also minority shareholders in Brower Corporation.

Also, in October 1997, Rodney Brower filed for dissolution of his marriage to Anne Brower. He advised the sharehold-

---

1. We note that Brower initially brought its Motion to Transfer for Improper Venue pursuant to Ind. Trial Rule 12(B)(3) and T.R. 75. However, Brower's argument in this motion as well as the argument on appeal applies only to T.R. 75. Consequently, we only address the issue of preferred venue under T.R. 75.

ers of Brower Corporation that he previously entered into a "Reconciliation Agreement" in May of 1997 in which he agreed not to transfer and/or encumber any of his shares of Brower Corporation stock. Further, Rodney Brower agreed to make annual gifts to each of his three children in an amount at least equal to the annual gift tax exclusion established by the Internal Revenue Service.

In early 2002, Laurie Brattain complained to her father, Rodney Brower, about the management of Brower Corporation. Her complaints eventually resulted in Laurie Brattain and her husband Frank ("the Brattains") filing the instant cause of action in the Hancock County Superior Court on September 4, 2002. In the case caption of their complaint, the Brattains named as defendants: Brower Corporation, Rodney Brower, James Brower, Brower Enterprises, Cheryl Jacques, William Brower, and Anne Brower.

On October 24, 2002, subsequent to the trial court's grant of extensions of time for defendants to answer the Brattains' complaint, James Brower, Rodney Brower, Brower Corporation and Brower Enterprises filed their Motion to Transfer for Improper Venue, Motion to Dismiss, and Motion to Strike. On November 13, 2002, the Brattains filed their response. On November 25, 2002, the trial court issued its order denying Brower's Motion to Transfer for Improper Venue, Motion to Dismiss, and Motion to Strike.

This interlocutory appeal of right ensued. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

### I. Standard of Review

■ At the outset, we note that Appellees–Plaintiffs the Brattains did not file an Appellees' Brief. When an Appellee does not submit a brief, an appellant may prevail by making a prima facie case of error. *Village of College Corner v. Town of West College Corner*, 766 N.E.2d 742, 745 (Ind. Ct.App.2002). In this context, "prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* By using this prima facie error standard, this court is relieved of the burden of developing arguments for the Appellee—a duty that properly remains with the Appellee. *Id.*

■ We review the trial court's order on a motion to transfer venue pursuant to T.R. 75(A) under an abuse of discretion standard. *Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind.Ct.App.1999). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has misinterpreted the law. *Id.*

■ In the instant case, Brower argues that the trial court erred when it denied Brower's Motion to Transfer for Improper Venue, made pursuant to T.R. 75(A). Trial Rule 75(A) allows a case to be filed in any court in any county in Indiana. *See id.*; T.R. 75(A). However, when a party files a motion for preferred venue, the trial court must transfer the case to the county selected by the moving party if the selected county is a county of preferred venue and the county in which the action is filed is not a county of preferred venue. *Id.* Preferred venue is determined in accordance with T.R. 75(A)(1)-(9). *Pratt*, 713 N.E.2d at 315. Counties that meet the requirements of subsections (1) through (9) are equally preferred. *Id.* However, if the suit is initially filed in a county of preferred venue, a transfer of venue will not be granted. *Id.*

The case at bar was filed in Hancock County. The general spirit and construction of the rules governing venue give the defendant the ability to have the action tried in the county of his or her residence. *State ex rel. Indiana State Bd. Of Tax Com'rs. v. Indiana Chamber of Commerce, Inc.*, 712 N.E.2d 992, 996 (Ind.Ct.App. 1999). However, this action involves multiple defendants residing or located in three different Indiana counties. The office of Brower Corporation is located in Henry County, which is also the county of residence for Rodney Brower. James Brower resides in Wayne County, and three of the defendants named in the case caption, Anne Brower, Will Brower, and Cheryl Jacques, reside in Hancock County. Accordingly, subsection (1) of T.R. 75(A) is the only subsection that would allow preferred venue to lie in Hancock County. Subsection (1) provides as follows:

Preferred venue lies in:

(1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides.

T.R. 75(A)(1).

Nevertheless, Brower asserts that Hancock County is not a preferred venue pursuant to T.R. 75(A)(1). Brower contends that, despite the fact that three of the defendants named in the case caption reside in Hancock County, the Brattains failed to state a claim for relief against any one of the Hancock County defendants in their complaint. Instead, the three Hancock County defendants are named to answer for any interest he or she may have in the cause of action. Brower argues that the interests of the Hancock County defendants are not adverse to those of the Brattains, and that the Hancock County defendants would, in fact, benefit if the Brattains are successful on the merits. As a result, Brower maintains that the Hancock County defendants are not actually defendants in the case, and, particularly, are not "individual defendants included in the complaint" as contemplated by T.R. 75(A)(1).[2] *See* T.R. 75(A)(1). We disagree.

The instant case involves claims brought by the Brattains, specific to Laurie Brattain's interest as a minority shareholder of Brower Corporation, against Brower Corporation and its two officers and directors, Rodney and James Brower. The first Hancock County defendant, Anne Brower, was named a defendant in this case to answer to any interest she may have because she is Laurie Brattain's mother and the former wife of Rodney Brower. Based on the facts, any interest Anne Brower has would most likely lie in a breach of the "Reconciliation Agreement."

The two remaining Hancock County defendants are William Brower and Cheryl Jacques, who, along with Laurie Brattain, are Defendant Rodney Brattain's children. William Brower, Cheryl Jacques and Laurie Brattain are also minority shareholders

---

**2.** Brower also asserts that the Hancock County defendants may not be joined as defendants under T.R. 20(A)(2), because no right to relief is asserted against them in the complaint. However, Brower raises this issue for the first time on appeal. As a general rule, a party may not present an issue on appeal unless the party raised that issue to the trial court. *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC.*, 764 N.E.2d 647, 651 (Ind.Ct.App.2002).

This rule exists because trial courts have the authority to hear and weigh the evidence, to judge the credibility of witnesses, to apply the law to the facts found, and to decide questions raised by the parties. *Id.* The rule of waiver in part protects the integrity of the trial court; it cannot be found to have abused its discretion as to an issue that it never had an opportunity to consider. *Id.*

in Defendant Brower Corporation. Defendants William Brower and Cheryl Jacques were "named to answer as their interests may appear." (Appellant's App. p. 6). Their "interest," of course, is their status as minority shareholders in Defendant Brower Corporation.

The process of naming defendants to answer to their interests occurs most frequently in actions wherein a mortgagor or lien holder is named as a defendant to answer as to his or her interest in the real property at issue. However, it is also appropriate here, where the named defendants may have an interest to protect against a potentially adverse judgment in this case. Consequently, because the three Hancock County defendants were named as such in this cause of action, they are obligated to respond to the Brattains' complaint in order to protect their interests or otherwise to face default. *See Centex Home Equity Corp. v. Robinson,* 776 N.E.2d 935, 944 (Ind.Ct.App.2002) *trans. denied,* (citing *Masters v. Templeton,* 92 Ind. 447, 450, 1884 WL 5119 (Ind.1884) (explaining that "if anyone who has an interest is made a party, he must assert and maintain his interest, since, to hold otherwise would be to declare making him a party was merely an unmeaning and empty form")).

Accordingly, we hold that the Hancock County defendants are "individual defendants included in the complaint," as contemplated by T.R. 75(A)(1). Thus, Hancock County is a preferred venue pursuant to T.R. 75(A)(1). As stated above, if the suit is initially filed in a county of preferred venue, a transfer of venue will not be granted. *Pratt,* 713 N.E.2d at 315. Therefore, the trial court did not abuse its discretion in denying Brower's Motion to Transfer for Improper Venue.

*CONCLUSION*

Based on the foregoing, we find that the trial court did not abuse its discretion in denying Brower's Motion to Transfer for Improper Venue.

Affirmed.

SHARPNACK, J., and BARNES, J., concur.