### In re the 2002 FLOYD COUNTY TAX SALE.

### Halifax Financial Group, L.P., Appellant–Petitioner,

v.

### Margaret L. Nance, Regional Bank, et al., Appellees–Respondents.

### No. 22A01–0402–CV–84.

Court of Appeals of Indiana.

Aug. 20, 2004.

Brian E. Hicks, Griffin, Hicks & Hicks, An Association of Attorneys, Indianapolis, IN, for Appellant.

Jason A. Lopp, C. Gregory Fifer, Young, Lind, Endres & Kraft, New Albany, IN, for Appellee Regional Bank.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Petitioner Halifax Financial Group, L.P. ("Halifax") appeals an order of the trial court denying its petition for a tax deed to real property purchased at a tax sale and ordering the Floyd County Auditor ("Auditor") to permit Appellee–Respondent Regional Bank to redeem the tract outside the one-year redemption period of Indiana Code Section 6–1.1–25–4. We reverse and direct judgment for the tax purchaser.[1]

### Issue

Halifax presents a single issue for review: whether the trial court determined the tax sale to be invalid because of its misinterpretation of the notice requirements of Indiana Code Section 6–1.1–25–4.6.

### Facts and Procedural History

Margaret Nance ("Nance") purchased real estate located in Floyd County, Indiana commonly known as 1721 Millerwood Drive, New Albany, upon which Regional Bank held a mortgage ("the Nance Property"). Nance became delinquent in the payment of her real estate taxes and, on August 9, 2002, the Auditor sent a pre-tax sale notice to Nance, via certified mail, at the Millerwood address. The postal carrier thrice attempted to deliver the notice, but ultimately returned it as unclaimed.

On August 29, 2002, September 5, 2002, and September 12, 2002, the Auditor published notice of the pending tax sale of the Nance Property in a New Albany newspa-

---

1. We hereby deny Halifax's Motion for Oral Argument.

per. On October 2, 2002, Halifax bid $33,000.00 at a tax sale and purchased the Nance Property.

On April 28, 2003, Halifax sent, via certified mail, a Notice of Tax Sale to Nance at 1721 Millerwood Drive, New Albany. The postal carrier thrice attempted to deliver the notice, but ultimately returned it as unclaimed. On June 13, 2003, Halifax sent, via certified mail, a Notice of Tax Sale to Regional Bank. Regional Bank courier Bob Etheridge signed for the certified mail on June 16, 2003. Nevertheless, the notice apparently was not forwarded to the appropriate department within Regional Bank. Also on June 13, 2003, Halifax sent, via certified mail, notices of tax sale to Associates Financial Services Company of Indiana, Inc. and Mutual Hospital Service, Inc. Those notices were timely claimed.

On October 3, 2003, one day after the expiration of the statutory redemption period of Indiana Code Section 6–1.1–25–4, Halifax filed a "Verified Petition for Order Directing the Auditor of Floyd County, Indiana to Issue Tax Deed." (App. 14.) Also on that date, Halifax sent Nance a notice of its petition for tax deed, via certified mail. The certified mail was returned as unclaimed after three unsuccessful attempts at delivery. Also on that date, Halifax sent notices of its petition for tax deed, via certified mail, to Regional Bank, Associates Financial Services Company of Indiana, Inc. and Mutual Hospital. Each of the latter three notices was timely claimed.

On October 16, 2003, Regional Bank filed its "Objection to Verified Petition to Direct County Auditor to Issue a Tax Deed." (App. 32.) Regional Bank filed an Amended Objection on November 3, 2003. On November 25, 2003, the trial court heard evidence relative to the petition for tax deed and objection. On December 9, 2003, the trial court issued an order denying Halifax's petition for a tax deed and ordering the Auditor to permit Regional Bank's redemption of the Nance Property. On December 12, 2003, Regional Bank tendered $9,650.34 to the Auditor to redeem the Nance Property. The trial court denied Halifax's motion to correct error and this appeal ensued.

## Discussion and Decision

### I. Standard of Review

The trial court specified that its order denying the tax deed petition and allowing Regional Bank's redemption of the Nance Property derived from its interpretation of Indiana Code Section 6–1.1–25–4.6. The interpretation of a statute by a trial court is a question of law to which this Court owes no deference. *Morgan County v. Ferguson*, 712 N.E.2d 1038, 1043 (Ind.Ct. App.1999). The foremost objective in statutory interpretation is to determine and effect the legislative intent, giving words and phrases their plain, ordinary and usual meaning unless a different purpose is manifested by the statute. *In re Visitation of J.P.H.*, 709 N.E.2d 44, 46 (Ind.Ct.App. 1999). Statutes relating to the same general subject matter are *in pari materia* and should be construed together so as to produce a harmonious statutory scheme. *Id.* Moreover, we will reject an interpretation of a statute that produces an absurd result. *Id.*

### II. Analysis

At the outset, we observe that if an owner of real estate fails to pay his or her property taxes, the property may be sold in an effort to satisfy the tax obligation. *Reeder Associates II v. Chicago Belle, Ltd.*, 778 N.E.2d 828, 831 (Ind.Ct. App.2002). The Auditor and Treasurer of the county in which the property is located may initiate a civil action against the property to reduce the tax liability to a judg-

ment, and have the property sold. Indiana Code sections 6–1.1–24–1 through––14, and 6–1.1–25–1 through––19 govern the tax sale process. While the issuance of a tax deed creates a presumption that a tax sale and all the steps leading to the issuance of the tax deed are proper, the presumption may be rebutted by evidence to the contrary. *Reeder,* 778 N.E.2d at 831. Title conveyed by a tax deed may be defeated if the notices were not in substantial compliance with the manner prescribed in accordance with our notice statutes, Indiana Code Sections 6–1.1–25–4.5 and 4.6. *Shenvar v. Johnson,* 741 N.E.2d 1275, 1280 (Ind.Ct.App.2001), *trans. denied.*

Our supreme court succinctly set forth the statutory framework applicable to this case in *Tax Certificate Invs., Inc. v. Smethers,* 714 N.E.2d 131, 133 (Ind.1999). In part, a purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. Ind. Code § 6–1.1–24–9. A one-year redemption period by the occupant or person with a substantial property interest of public record ensues. Ind.Code §§ 6–1.1–25–1, –4. If the owner or interested party fails to redeem the property during that year by paying all back property taxes, costs, expenses and interest charges, a purchaser who has complied with the statutory requirements is entitled to a tax deed. Ind. Code § 6–1.1–25–4. The property owner and any person with a substantial property interest of public record must each be given two notices. Ind.Code §§ 6–1.1–25–4.5, –4.6.

▇ The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed petition will be filed. Ind.Code § 6–1.1–25–4.5. The second notice announces that the purchaser has petitioned for a tax deed. Ind.Code § 6–1.1–25–4.6.

The trial court found that the tax sale herein was invalid because the second notice did not apprise the owner and interested parties of a continuing right to redeem the property. The order provided in pertinent part as follows:

> The Court ... now finds that the notice of tax sale given by Halifax to Regional is insufficient under the requirements of IC 6–1.1–25–4.6 in that it does not include the information required to be deemed to have been given in the same manner as set forth in IC 6–1.1–4.5(c) [sic]. The requirement pursuant to IC 6–1.1–25–4.6 that such notice of tax sale include information regarding a continuing right to redeem the subject property following expiration of the statutory redemption period creates an ambiguity between such statute and the amended provisions of IC 6–1.1–25–1 that the Court now finds should be resolved in favor of the rights of a redemptioner.

(App. 11.) The trial court erred in its conclusions that (1) the second notice was not given "in the same manner" as the first, (2) there exists a continuing right to redemption after the one-year redemption period of Indiana Code Section 6–1.1–25–4, and (3) that the relevant statutes are ambiguous with respect to notification of the right of redemption.

Indiana Code Section 6–1.1–25–4.6(a) states in pertinent part: "Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter, except that, if notice is given by publication, only one (1) publication is required." After the expiration of the one-year redemption period, Halifax advised the interested parties of its petition for a tax deed "in the same manner" as it notified the interested parties of the tax sale, i.e., certi-

fied mail.[2] Nevertheless, the trial court interpreted the statutory phrase "in the same manner" as including the same content. The content of the first notice included advice of the expiration of the redemption period, while the second notice did not.

Indiana Code Section 6–1.1–25–1 governs the time for redemption, and provides as follows: "Any person may redeem the tract or real property: (1) sold; or (2) for which the certificate of sale is sold under IC 6–1.1–24; under IC 6–1.1–24 at any time before the expiration of the period of redemption specified in section 4 of this chapter by paying to the county treasurer the amount required for redemption under section 2 of this chapter."

Previously, the statute provided that an interested person could redeem the tract at any time before the date when the auditor was required to issue a tax deed; thus a redemption could occur after the one year redemption period expired if the trial court had not yet entered the order for a tax deed. *See Wildwood Acres Trust v. First Citizens State Bank*, 671 N.E.2d 1199 (Ind.Ct.App.1996). Consistent with that version of Indiana Code Section 6–1.1–25–1, Regional Bank contended that, because no tax deed had issued before the second notice, it was still within the redemption period and should be advised accordingly.

However, effective July 1, 2001, Indiana Code Section 6–1.1–25–1 was amended to provide for a definitive time for redemption, dependent upon the expiration of the statutory period specified in section 4, rather than upon the time of a court order for a tax deed. Indiana Code Section 6–1.1–25–4(a) provides in relevant part: "The period for redemption of real property sold under IC 6–1.1–24 is one (1) year after the date of sale." Contemporaneously, the legislature amended Indiana Code Section 6–1.1–25–2(b) to delete an escalated rate of payment applicable to tracts redeemed after a one-year redemption period. The redemption statutes, construed together, clearly contemplate a fixed one-year redemption period.[3] We find no ambiguity.

Accordingly, advice in the second notice of a continuing right to redemption would have been contrary to law. As such, the trial court erroneously concluded that the tax sale was invalid because of the omitted advice. Halifax complied with the statutory requirements and is entitled to a tax deed.

We reverse the trial court's order and direct judgment for the tax purchaser.

SHARPNACK, J., and MAY, J., concur.

---

**2.** Black's Law Dictionary (abridged 5th ed.1983) defines "manner" as: "A way, mode, method of doing anything, or mode of proceeding in any case or situation." *Id.* at 496.

**3.** Under some circumstances, not applicable here, the redemption period is only 120 days. Ind.Code § 6–1.1–25–4.