**In the Matter of the 2002 LAKE COUNTY TAX SALE OF REAL PROPERTY WITH DELINQUENT TAXES OR SPECIAL ASSESSMENTS TAX I.D. #: 16–27–0122–0026.**

**James Strezovski and W.D. Connette, tenants in common, Appellants,**

**v.**

**George R. Frazee and Elaine J. Frazee, et al., Appellees.**

**No. 45A03–0401–CV–34.**

Court of Appeals of Indiana.

Nov. 30, 2004.

Sean M. Clapp, Sean M. Clapp, LLC, Indianapolis, IN, Attorney for Appellants.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Plaintiffs, James Strezovski and W.D. Connette (collectively, the Appellants), appeal the trial court's order in favor of Appellees–Defendants, George R. Frazee and Elaine Frazee (Elaine) (collectively, the Frazees), denying Appellants'

Verified Petition for Order Directing Issuance of Tax Deed By the Lake County Auditor (Petition).

We reverse and remand with instructions.

### ISSUE

Appellants raise two issues on appeal, which we consolidate and restate as: whether the trial court erred in denying their Petition thereby granting the Frazees time beyond the one-year redemption period pursuant to Indiana Code §§ 6–1.1–25–1; 6–1.1–25–4; and 6–1.1–25–4.6.

### FACTS AND PROCEDURAL HISTORY

The Frazees owned the real property located at 8408 Gordon Drive, in Highland, Indiana (the Property). On September 20, 2002, pursuant to a tax sale, the Lake County Auditor sold the property to Heartwood 88, LLC (Heartwood), because the Frazees were delinquent in paying real estate taxes and assessments. On the same day, Heartwood was issued a tax sale certificate.

On May 16, 2003, Heartwood sent a Notice of Tax Sale to the Frazees' Property. The Frazees signed the notice as received on May 19, 2003. On October 8, 2003, Heartwood sold and assigned its interest in the Property to the Appellants. Thereafter, on October 21, 2003, the Appellants filed their Petition with a notification of the filing to the Frazees. The Frazees signed the notice as received on October 23, 2003.

On December 22, 2003, after a hearing, the trial court granted the Appellants' Petition. During the same morning, the attorney for the Lake County Auditor notified the trial court that Elaine was present in court and wished to be heard. After the trial court allowed Elaine to be heard, she orally objected to the issuance of the tax deed and requested an additional five days to redeem the property. The trial court granted her request. Thereafter, on February 18, 2004, the trial court issued an Order Denying Order to Issue Tax Deed.

The Appellants now appeal. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

#### I. Standard of Review

At the outset, we note that the Frazees did not file an Appellee's Brief. When an appellee does not submit a brief, an appellant may prevail by making a *prima facie* case of error. *Brower Corp. v. Brattain*, 792 N.E.2d 75, 77 (Ind.Ct.App. 2003). In this context, *"prima facie"* is defined as "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind.Ct.App.1999)). By using this *prima facie* error standard, this court is relieved of the burden of developing arguments for the Appellee, a duty that properly remains with the Appellee. *Brower Corp.*, 792 N.E.2d at 77.

In this case, the trial court's judgment turns on the interpretation of Indiana Code §§ 6–1.1–25–1; 6–1.1–25–4; and 6–1.1–25–4.6. The interpretation of a statute is a question of law reserved for the courts. *State v. Rans*, 739 N.E.2d 164, 166 (Ind.Ct.App.2000). Appellate courts review questions of law under a *de novo* standard and owe no deference to a trial court's legal conclusions. *Id.* If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Montgomery v. Estate of Montgomery*, 677 N.E.2d 571, 574 (Ind.Ct. App.1997). However, when the language is susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent.

*Id.* In this respect, the task of appellate courts has been summarized as follows:

> We ascertain and implement legislative intent by "giving effect to the ordinary and plain meaning of the language used in the statute." The statute is examined and interpreted as a whole and the language itself is scrutinized, including the grammatical structure of the clause or sentence at issue. Within this analysis, we give words their common and ordinary meaning, without "overemphasizing a strict literal or selective reading of individual words."

*Clifft v. Ind. Dep't of State Revenue,* 660 N.E.2d 310, 316 (Ind.1995) (internal citations omitted).

## II. *Issuance of Tax Deed*

Appellants contend that the trial court erred in denying their Petition. Specifically, Appellants assert that the Petition should have been granted because they fulfilled all statutory requirements necessary for the issuance of a tax deed. We agree.

Our supreme court succinctly set forth the framework for the issuance of tax deeds in *Tax Certificate Invs., Inc. v. Smethers,* 714 N.E.2d 131, 133 (Ind.1999). The supreme court stated that, in part, a purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. *Id; see* Ind.Code § 6–1.1–24–9. Thereafter, a one-year redemption period ensues. *Tax Certificate Invs., Inc.,* 714 N.E.2d at 133; *see* I.C. §§ 6–1.1–25–1; 6–1.1–25–4. Previously, the statute provided that an interested person could redeem the tract at any time before the date when the auditor was required to issue a tax deed; thus, a redemption could occur after the one-year redemption period expired if the trial court had not yet entered the order for a tax deed. *In re the 2002 Floyd County Tax Sale,* 813 N.E.2d 805, 809 (Ind.Ct.App. 2004); *see also Wildwood Acres Trust v. First Citizens State Bank,* 671 N.E.2d 1199, 1202 (Ind.Ct.App.1996). However, effective July 1, 2001, Indiana Code § 6–1.1–25–1 was amended to provide for a definitive period of redemption, dependent upon the expiration of the statutory period, rather than upon the time it takes a court to order a tax deed. *In re the 2002 Floyd County Tax Sale, 813 N.E.2d at 809.* Specifically, Indiana Code § 6–1.1–25–4(a) provides in relevant part: "[t]he period for redemption of real property sold under Indiana Code § 6–1.1–24 is one (1) year after the date of sale." *Id.* Thus, the redemption statutes, *i.e.,* Indiana Code §§ 6–1.1–25–1 and 6–1.1–25–4, construed together, clearly contemplate a fixed one-year redemption period. Therefore, if the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. *Tax Certificate Invs., Inc.,* 714 N.E.2d at 133; *see also* I.C. § 6–1.1–25–4.6.

Our review of the record reveals that the Frazees received notice of the tax sale of their Property and failed to redeem it within one year from the date of the sale. The record also shows that after the one-year redemption period expired, the Appellants filed their Petition. Even though the Frazees failed to object in writing to the issuance of the tax deed, the trial court nevertheless scheduled a hearing for arguments on the Petition. At the hearing of December 22, 2003, the record clearly reveals that the trial court recognized that the Appellants had satisfied all conditions necessary to issue the tax deed:

> [APPELLANTS COUNSEL]: Same situation here, your Honor. The [attorney representing Lake County Auditor] and I have reviewed the notices and they are satisfactory and I have previ-

ously submitted to the [c]ourt an Affidavit and Proof of Notice and ask that the [c]ourt issue the deed.

TRIAL COURT: Thank you, granted, [ ].

(Transcript p. 6).

Nevertheless, the record also indicates that after the trial court's order granting the issuance of the tax deed, the attorney for the Lake County Auditor notified the trial court that Elaine was present in court:

[COUNSEL FOR LAKE COUNTY AUDITOR]: Your Honor, we've just been advised that on the prior one—not the one that we just heard—but the prior key number 16–27–0122–0026, one of the respondents is here and has appeared and would like to be heard. I leave it to the [c]ourt's discretion. I know all—I've reviewed the file. As far as the Auditor's Office is concerned everything is in order.

TRIAL COURT: Well, since they're here let's give them an opportunity to be heard.

(Supp. Tr. p. 6). After Elaine explained to the court her reasons for not redeeming the property within the redemption period, the trial court responded as follows:

TRIAL COURT: [Elaine], the [c]ourt will exercise its discretion and allow you five days to pay.

(Supp. Tr. p. 8). Subsequently, the record reveals that on February 18, 2004, the trial court retracted its previous order and instead denied the Appellant's Petition.

Here, the record reveals that the trial court neglected to apply the unambiguous language of the statutes in determining whether to grant or deny the Appellant's Petition. In particular, Indiana Code § 6–1.1–25–4.6(b) clearly mandates the trial court to enter an order issuing a tax deed within sixty-one days of the filing of the Petition if the petitioner has met all necessary conditions. The statute is silent in allowing the trial court to exercise its discretion in granting additional time before ordering the issuance of a tax deed. In the instant case, the trial court did just that: after granting the Appellants' Petition, the trial court nevertheless allowed the Frazees extra time to redeem the property by awarding them an additional 98 days beyond the one-year limitation for redemption of property.

Consequently, based on the clear and unambiguous language of Indiana Code §§ 6–1.1–25–1; 6–1.1–25–4; and 6–1.1–25–4.6, we conclude that the trial court does not have the discretion to extend the period of redemption beyond the one-year limitation. *See Montgomery,* 677 N.E.2d at 574. Therefore, we find that the trial court erred in denying Appellant's Petition.

### CONCLUSION

Based on the foregoing, we conclude that the trial court erred in denying Appellant's Petition, and therefore direct the trial court to issue the tax deed to the Appellants.

Reversed and Remanded.

CRONE, J., and VAIDIK, J., concur.