In the Matter of the 2003 Tax Sale

Terrie L. HALL, Appellant–Respondent,

v.

Jerry J. TERRY, Appellee–Petitioner.

No. 43A05–0505–CV–247.

Court of Appeals of Indiana.

Nov. 30, 2005.

Christopher J. Wheeler, ESQ., Stout, Wheeler & Zabona, LLP, Angola, for Appellant.

Jon L. Orlosky, Muncie, for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Terrie L. Hall appeals the trial court's order denying her motion for an order allowing her to redeem real property and

ordering issuance of a tax deed to Jerry J. Terry.

We affirm.

## ISSUES

1. Whether the statutory notice requirements require the purchaser of real property at tax sale to include in the notice the total sum necessary to redeem the property.

2. Whether failure to provide proper notice of the total sum renders the tax sale of such property void as a violation of due process.

## FACTS

On October 7, 2003, the Treasurer and Auditor of Kosciusko County jointly applied "pursuant to the provisions of Indiana [C]ode 6–1.1–24–1, et. seq. for an entry of judgment against and order for the sale of" real property at 402 E. Columbia Street that was owned by Terrie L. Hall. (App.1). That same day, the trial court entered an order of judgment against Hall's real property and ordered it sold. On October 20, 2003, Jerry J. Terry purchased the property at the tax sale.

On May 5, 2004, Terry sent Hall a notice of redemption stating that pursuant to Indiana Code 6–1.1–25–4.5, Hall, as the owner of record, was advised that the property had been sold to Terry at a tax sale on October 20, 2003 for $22,000.00. The notice explained the procedure for redemption of the property during the redemption period ending October 29, 2004, and indicated Terry's intent to file a petition for a tax deed on or after October 30, 2004. The notice further stated that the "components of the amount required to redeem the property include interest, taxes, special assessments, penalties and costs as set forth in Indiana Code § 6–1.1–25–2." (App.34).

On November 10, 2004, Terry sent Hall a second notice, stating that pursuant to Indiana Code 6–1.1–25–4.6, Hall was advised that a petition for issuance of a tax deed was being filed by Terry.

On November 12, 2004, Terry's petition for an order directing the Auditor to issue a tax deed was filed with the trial court. According to the verified petition, Terry had purchased the property at 402 E. Columbia Street, Pierceton, at the tax sale conducted by the Treasurer; the redemption period had expired; the property had not been redeemed; all taxes and other obligations had been paid; the notices required by law had been given; and Terry was entitled to a tax deed to the property. Included with his petition were copies of the notices sent by certified mail to Hall on May 5, 2004, and on November 10, 2004, and her signed receipts therefor.

On December 8, 2004, Hall filed an objection to Terry's petition and moved for an order allowing her to redeem the property, alleging that Terry had failed to provide the notice required by statute.

The trial court held a hearing on March 18, 2005. Hall acknowledged that she was the owner of record, had failed to pay her 2002 and 2003 taxes in a timely manner, and had been aware that she was delinquent. Hall explained that personal problems had interfered with her proper attention to the matter. She also admitted having received the notice of redemption dated May 5, 2004, and that she had not made any payments to the Auditor or Treasurer after being made aware that the property had been sold at a tax sale on October 20, 2003. Hall's counsel argued that Terry's May 5, 2004 notice was "insufficient" because Indiana Code Section 6–1.1–25–4.5(f) requires that it contain "the components of the amount required to redeem the ... real property," and that this requirement meant that the notice must provide "the dollar amount" owed. (Tr. 10).

On March 22, 2005, the trial court issued its order directing the Auditor to issue a tax deed to Terry. The trial court found that Terry had given "all notices required by law" and "complied with all the provisions of law entitling him to a deed." (App.19).

### DECISION

The framework for the issuance of tax deeds is as follows: a purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. *In Re 2002 Lake County Tax Sale,* 818 N.E.2d 505, 508 (Ind.Ct.App.2004). Thereafter, a one-year redemption period ensues. *Id.* If the owner of record or person with substantial property interest of public record fails to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. *Id.; see also* I.C. § 6–1.1–25–1. These statutory requirements are that the redemption period has expired; the real property has not been redeemed from the sale; all taxes and special assessments, penalties, and costs have been paid; all notices required by law have been given; and the purchaser has complied with all the provisions of law entitling him to a deed. I.C. § 6–1.1–25–4.6(b).

 The parties agree as to the material facts of the case. Therefore, our task on appellate review is to determine whether the trial court properly applied the law to undisputed facts. *Tincher v. Davidson,* 784 N.E.2d 551, 553 (Ind.Ct.App.2003). We review questions of law under a *de novo* standard. *Id.*

### 1. Statutory Requirement

 Hall argues, as she did to the trial court, that the statute requires the notice of redemption to state the total sum necessary in order to redeem the real property. She notes that the statute formerly re-quired that the notice contain "the amount of the judgment for taxes, special assessments, penalties and costs under Ind.Code § 6–1.1–24–4.7, to redeem the . . . real property." Hall's Br., citing former I.C. § 6–1.1–25–4.5(f). However, pursuant to an amendment in 2001, that provision now requires the notice to include "[t]he components of the amount required to redeem the . . . real property." I.C. § 6–1.1–25–4.5(f). The change is apparent in the text of the amending statute: "The components of the amount ~~of the judgment for taxes; special assessments; penalties; and costs under IC 6–1.1–24–4.7~~ required to redeem the . . . real property." P.L. 139–2001, § 16 (bold in original, indicating additions to existing statutory language; strikes in original, indicating deletions to existing statutory language). According to Hall's argument, this change did not eliminate the pre-existing statutory requirement that the total amount necessary for re-demption be specified. She argues that the current statute may be interpreted to "require the purchaser to not only include the amount necessary to redeem the real property, but to also break that amount down into its components (such as taxes, special assessments, penalties, and costs)." Hall's Br. at 5. We cannot agree.

 The interpretation of a statute is a question of law, a matter which we re-view *de novo.* *Lake County Tax Sale,* 818 N.E.2d at 507. "When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense." *St. Vin-cent Hosp. and Health Care v. Steele,* 766 N.E.2d 699, 704 (Ind.2002). "Clear and unambiguous statutory meaning leaves no room for judicial construction." *Id.*

The current language of the statute re-quires that the "components of the amount" necessary to redemption be pro-vided. I.C. § 6–1–1.25–4.5(b). A "compo-

nent" is defined as "a constituent part." WEBSTER'S THIRD NEW INT'L DICTIONARY 466 (1976). The statute's language is unambiguous. It simply requires that the notice inform the recipient of the constituent parts of the amount necessary to effect redemption.[1]

Here, as advised by Terry, the components of the amount necessary for Hall to make inquiry ,about redemption of her property were the sums due for "interest, taxes, special assessments, penalties and costs," as set forth in the statutory provision to which the notice referred Hall. (App.34). Therefore, Hall's claim that the notice from Terry was insufficient for having failed to state the total sum necessary for her to redeem the property fails.

## 2. Due Process

 An essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Howard v. Incorporated Town of N. Judson,* 661 N.E.2d 549, 553 (Ind.1996) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

Hall also argues that her due process rights were violated when she was not informed of "the amount to be paid to redeem the real property, broken down into its components." Hall's Br. at 6–7. She cites our statement in *Fields v. Evans,* 480 N.E.2d 575, 579 (Ind.Ct.App.1985), that notice must "be given to the title owner at various stages of the tax sale proceedings ... to afford every reasonable opportunity to title holders ... to satisfy delinquent taxes" and redeem the property.

As Terry properly responds, Hall's argument is difficult to understand, inasmuch as Hall herself testified that she was timely made aware of her multiple tax delinquencies, that she received the notice dated May 5, 2004 informing her that her property was sold at the tax sale and the period of redemption would remain open until October 29, 2004, and that she had subsequently called the Treasurer and Auditor in this regard. Thus, Hall acknowledged that she had actual notice of the delinquency. Moreover, Hall had the opportunity to redeem her property, as explained in the notice of redemption sent to her on May 5, 2004 by Terry. Such opportunity was available to her for nearly six months, until the expiration of the redemption period on October 29, 2004. Further, the May 5th notice gave her the necessary information about the components of the amount required to redeem the property. Finally, it is undisputed that Hall had the opportunity for a hearing on this matter. Hall's contention that "the tax sale should be set aside as void" because she "was not afforded her due process" must fail. Hall's Br. at 8.1

Affirmed.

SHARPNACK J., and BAILEY, J., concur.

---

1. As Terry observes, the specific obligations for the interest component of the total amount due will likely change from the time the notice is sent until the expiration of the redemption period. *See* I.C. § 6–1.1–25–2 (containing various interest provisions). Also, the person who purchases the tax sale certificate must continue to pay taxes and special assessments on the property, *see* I.C. § 6–1.1–25– 4.6(b), which obligation then becomes part of the total due for redemption during the pendency of the redemption period. Thus, the legislature's change may reflect its intention to require that the notice alert the property owner concerning the *components* about which she needs to make inquiry in order to determine the total amount she must pay in order to redeem the property.