## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 20 2015, 9:20 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Robert G. Zeigler
Karen L. Withers
Zeigler, Cohen, & Koch
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

John Muller
Montross, Miller, Muller, Mendelson, & Kennedy
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Frank A. Workman, M.D., <br> *Appellant-Defendant,* <br><br> v. <br><br> Ann O'Bryan, <br> *Appellee-Plaintiff.* | March 20, 2015 <br><br> Court of Appeals Cause No. <br> 49A04-1407-CT-314 <br><br> Appeal from the Marion Superior Court; The Honorable Theodore Sosin, Judge; <br> 49D02-1401-CT-2087 |

**May, Judge.**

Frank A. Workman, M.D. appeals the denial of his motion to transfer venue.

We affirm.

## Facts and Procedural History

On January 27, 2014, Ann O'Bryan filed a complaint for medical malpractice against Dr. Workman in Marion County, Indiana. O'Bryan alleged Dr. Workman treated her in 2004 at his office in Marion County. O'Bryan currently lives in Illinois; Dr. Workman lives in Hamilton County.

Dr. Workman filed a motion to transfer venue to Hamilton County, and the trial court granted his motion. O'Bryan filed a motion to reconsider, arguing she was "not afforded adequate time to respond to the motion before the motion was granted" and she "ha[d] doubts about unverified statements made in [Dr. Workman's] motion regarding Dr. Workman's residence and place(s) of business." (App. at 32.) Dr. Workman responded, attaching an affidavit in which he attested: "I do not practice in Marion County, and I do not have an office in Marion County." (*Id*. at 48) (emphasis in original).

The trial court held a hearing at which O'Bryan argued Dr. Workman maintained multiple offices in Marion County for billing, registration, and other administrative purposes and thus Marion County was a county of preferred venue. The trial court granted O'Bryan permission to depose Dr. Workman regarding the issue of venue and whether he had offices in Marion County. O'Bryan deposed Dr. Workman, then filed her response to Dr. Workman's motion to transfer venue. The trial court denied Dr. Workman's motion.

We accepted jurisdiction of this interlocutory appeal.

## Discussion and Decision

We review for an abuse of discretion an order on a motion to transfer venue pursuant to Trial Rule 75(A). *Brower Corp. v. Brattain*, 792 N.E.2d 75, 77 (Ind. Ct. App. 2003). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effects of the facts before it, or if the trial court has misinterpreted the law. *Id*. Trial Rule 75(A) allows a claim to be filed in any court in any county in Indiana, but it also lists nine situations under which a county is considered a "preferred venue." T.R. 75(A)(1)-(A)(9). Counties that meet any of those nine requirements are equally preferred. *Brower Corp.*, 792 N.E.2d at 77.

If a litigant files in a county that is not a preferred venue, the trial court must transfer the case to a county of preferred venue if another litigant files a motion to transfer venue. *Id*. However, if the claim was filed in a county of preferred venue, no transfer of venue will be granted. *Id*.

One place preferred venue lies is in a county where "the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint[.]" T.R. 75(A)(4). O'Bryan presented evidence Dr. Workman maintains multiple addresses in Marion County for functions such as general billing, Medicare billing, registration with Indiana's Patient Compensation Fund, registration of his identifier under the National

Plan and Provider Enumeration System, and registration to prescribe controlled substances. Thus the office "out of which the claim arose" is located in Marion County.

[10] Based on that evidence, Marion County is a county of preferred venue under Trial Rule 75(A)(4). As the trial court cannot transfer venue when a claim was filed in a county of preferred venue, it did not abuse its discretion when it denied Dr. Workman's motion to transfer venue. Accordingly, we affirm.

[11] Affirmed.

Barnes, J., and Pyle, J., concur.