Robert A. **ELROD**, Appellant–
Plaintiff/Counter–
Defendant,

v.

Larry **BROOKS**, Appellee–
Defendant/Counter–
Plaintiff.

No. 10A01–0903–CV–155.

Court of Appeals of Indiana.

July 29, 2009.

Stephen W. Voelker, Voelker Law Office, Jeffersonville, IN, Attorney for Appellant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff/Counter–Defendant, Robert A. Elrod (Elrod), appeals the small claims court's judgment in favor of Appellee–Defendant/Counter–Plaintiff, Larry Brooks (Brooks).

We reverse and remand for a new trial.

### ISSUE

Elrod raises one issue on appeal, which we restate as: Whether the small claims court abused its discretion when it denied Elrod the opportunity to present evidence on Brooks' counterclaim.

### FACTS AND PROCEDURAL HISTORY

On June 26, 2008, Elrod filed his Complaint against Brooks, alleging that he purchased two trailers from Brooks, while Brooks never gave him the title or bill of sale to these trailers. As a result, Elrod sought judgment against Brooks for $1,700.00 plus court costs and interest. On July 15, 2008, Brooks filed his Answer and Counter-claim, asserting "theft and/or conversion" of the trailers and their content. (Appellant's Appendix p. 5).

On October 16, 2008, the small claims court conducted a hearing on Elrod's complaint and Brooks' counterclaim. At the onset of the hearing, the small claims court noted that "[i]t appears that there was a complaint and a counter complaint filed" before allowing Elrod to present "[his] case." (Transcript p. 11). At the close of Elrod's testimony, the small claims court allowed Brooks' counsel to cross-examine Elrod. Upon conclusion of the cross-examination, the small claims court inquired with Elrod "[a]nything else from you sir, before we move on." (Tr. p. 34). Hearing Elrod's denial, the small claims court reit-

erated "[t]his is all you want to present," to which Elrod responded, "I believe so." (Tr. p. 34).

The small claims court then allowed Brooks to bring his case. During Brooks' testimony, evidence was presented to dispute Elrod's claim and to support Brooks' counterclaim. At the conclusion of Brooks' evidence, the small claims court informed Elrod "[s]ir, you got a few minutes if you want to respond in some way, do you have anything you want to say?" (Tr. pp. 61–62). Elrod stated "your honor[,] I got several witnesses out there that could, we could dispute this about all of these claims that they are not true." (Tr. p. 62). However, the small claims court noted

> You had, I asked you a couple times to present your case and I asked if you had anything else you wanted to present and your answer was no. And again I asked that two or three times so that you were done with your case before they went on. So, I can't now let you, now that you don't like that...
>
> . . .
>
> Okay, well here's the way it generally works, you're the plaintiff. You present your case, I asked you two or three times at the end do you anything else that you want to present? No, you don't have anymore testimony? No. So you're done with your case? Yes. And then you['re] done then they have a right to come along and defend themselves and present their testimony and then if he presents anything that couldn't reasonably be anticipated in response to you then, then I would have some leeway to give you a chance to put on some more stuff, but all I've heard is his side of the story, nothing there that would seem to be shocking or surprising. Um, so I can't now after they present their case

say oh, you can start over again, I can't do that.

(Tr. pp. 62–63). Thereafter, the small claims court took the matter under advisement. On January 23, 2009, the small claims court issued its judgment in favor of Brooks on Elrod's complaint and with respect to Brooks' counterclaim, the small claims court granted judgment in his favor, and ordered Elrod to pay $3,000.00 in damages.

Elrod now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

■ At the outset, we note that Brooks did not file an appellee's brief. When an appellee does not submit a brief, an appellant may prevail by establishing a *prima facie* case of error, *i.e.*, error at first sight, on first appearance, or on the face of it. *Brower Corp. v. Brattain,* 792 N.E.2d 75, 77 (Ind.Ct.App.2003). By using a *prima facie* error standard, this court is relieved of the burden of developing arguments for the appellee. *Id.*

■ On appeal, Elrod contends that his right to a fair trial was violated because the small claims court denied him the opportunity to present evidence in defense of Brooks' counterclaim. Our standard of review in this area is well-settled. The admission of evidence is within the sound discretion of the trial court, and the decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Guy v. State,* 755 N.E.2d 248, 252 (Ind.Ct.App. 2001).

Here, the matter was placed on the small claims docket of the trial court and thus the Indiana Rules for Small Claims prevailed. Rule 8(A) provides in pertinent part, "[t]he trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence...."

Elrod brought a complaint against Brooks and Brooks filed a counterclaim against Elrod. Brooks' counterclaim arose out of the same transaction or occurrence, *i.e.,* the purported sale of the two trailers, that was the subject matter of Elrod's complaint. *See* Ind. Trial Rule 13(A). In this light, Indiana Trial Rule 42(A) states that

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

During trial, the presentation of evidence is typically governed by Indiana Trial Rule 43(D) which provides that

> The trial shall proceed in the following order, unless the court within its discretion, otherwise directs: First, the party upon whom rests the burden of the issues may briefly state his case and the evidence by which he expects to sustain it. Second, the adverse party may then briefly state his defense and the evidence he expects to offer in support of it. Third, the party on whom rests the burden of the issues must first produce his evidence thereon; the adverse party will then produce his evidence which may then be rebutted.

Although we acknowledge that Small Claims Rule 8(A) indicates that the court is not bound by the Rules of Trial Procedure, our supreme court nevertheless stated in *Bowman v. Kitchel,* 644 N.E.2d 878,

879 (Ind.1995), that "the Rules of Trial Procedure apply in small claims court unless the particular rule in question is inconsistent with something in the small claims rules." Having reviewed the Small Claims Rules, we did not discover any specific rules that would preclude the application of Indiana Trial Rules 42(A) and 43(D).

In the instant case, the small claims court clearly ordered a joint hearing of both Elrod's complaint and Brooks' counterclaim. While Elrod carried the burden of presenting evidence on his complaint, Brooks carried a similar burden with respect to his counterclaim. Thus, after producing the evidence which sustains the claim—be it the original complaint or a counterclaim—the adverse party may produce evidence contesting this claim.

Recognizing the great amount of discretion a small claims court has in the orderly conduct of the proceedings before it, we are nevertheless troubled by the court's outright refusal to give Elrod an opportunity to introduce evidence in an attempt to refute Brooks' counterclaim. Even if it was the small claims court's intention that Elrod should have presented all his evidence which supported his claim and contested Brooks' counterclaim at the same time, the court never shared this intent with the parties. Regardless, it would still be dubious for Elrod to have to defend against a claim before hearing the evidence in support of it. Although informality is the key in small claims proceedings, it should not come at the cost of fundamental rights of the parties. Therefore, we conclude that the small claims court abused its discretion by denying Elrod's right to present evidence contesting Brooks' counterclaim.

## CONCLUSION

Based on the foregoing, we find that the small claims court abused its discretion when the court denied Elrod the opportunity to present evidence on Brooks' counterclaim.

Reversed and remanded for a new trial.

KIRSCH, J., and MATHIAS, J., concur.