# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 18 2019, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rebecca Berfanger
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Christopher J. Martindale
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kirsten Kemp,<br>*Appellant-Defendant,*<br><br>v.<br><br>Robert E. Lee and Dartina James,<br>*Appellees-Plaintiffs.* | July 18, 2019<br><br>Court of Appeals Case No.<br>18A-SC-2587<br><br>Appeal from the Marion Small Claims Court<br><br>The Honorable Myron E. Hockman, Judge<br><br>Trial Court Cause No.<br>49K01-1802-SC-934 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Kirsten Kemp (Kemp), appeals the small claims court's decision, awarding damages to Appellees-Plaintiffs, Dartina James (James) and Robert E. Lee (Lee) (Collectively, Appellees), following Kemp's abandonment of the rented premises.

We affirm.

## ISSUES

Kemp presents this court with two issues on appeal, which we restate as:

(1) Whether Kemp was constructively evicted from the rented premises; and

(2) Whether the small claims court abused its discretion by awarding damages in the amount of two months' rent.

## FACTS AND PROCEDURAL HISTORY

On July 1, 2016, James rented the premises located at 4817 East 17th Street, in Indianapolis, Indiana, to Kemp for one year, until July 1, 2017. As stated in the lease agreement, the amount of rent to be paid was set at $625.00 per month; Kemp did not pay a security deposit, nor did she pay a pet deposit. At all times during these proceedings, Tina James (Tina), the mother of James, acted as the property manager. Prior to moving to the rented premises, Kemp had lived in other properties managed by Tina for several years. On July 1, 2017, the lease expired and the tenancy became monthly. Within a month of the expiration of the lease, around August 2017, Tina approached Kemp

requesting her to sign another one-year lease. Kemp refused, due to concerns with the maintenance of the property, including an improperly functioning toilet and kitchen sink.

[5] On March 30, 2017, Lee acquired the rented premises by quitclaim deed. On February 2, 2018, Lee and Kemp had a meeting to discuss the possibility of a lease renewal and the payment of the February rent. While Kemp was amenable to a lease renewal, Kemp's boyfriend, who resided with her in the rented premises, took back the offered $625.00 for the February rent. Kemp's boyfriend held onto the money and wanted to get the plumbing issues, including the dysfunctional toilet, fixed first. Kemp never signed a new lease agreement, nor did she pay the February rent.

[6] Four days later, on February 6, 2018, Kemp sent a text message to Lee indicating that she "will be out of the house at 4817 by" March 1, 2018. (Transcript p. 28). On February 8, 2018, Kemp signed a lease for a different rental property and started to move out of the rented premises. Because Kemp was "not in the property [in] March and February," she did not pay rent for those months. (Tr. p. 8). Kemp started to reside at her new rental property on February 16, 2018, and on February 19, 2018, Tina changed the locks on the vacated rented premises.

[7] On February 12, 2018, James filed a notice of claim for possession of real estate against Kemp, alleging nonpayment of rent and pet fees in the small claims court. On February 26, 2018, James filed a motion to vacate the eviction

hearing, but requested a damages hearing instead as Kemp had vacated the rented premises. On March 13, 2018, the small claims court conducted an eviction hearing, determined that Kemp had previously vacated the rented premises, added Lee as a plaintiff, and scheduled a hearing on damages. On July 18, 2018, Kemp filed a counterclaim, alleging that she had been constructively evicted due to the malfunctioning toilet and the changing of the door locks by Tina on February 19, 2018. On July 30, 2018, the small claims court conducted a hearing on Appellees' damages claim and Kemp's counterclaim. That same day, the small claims court issued a judgment in favor of Appellees in the amount of $1,250.00 in rent due, $300.00 in attorney's fees, and post-judgment interest. The small claims court rejected Kemp's counterclaim, stating that

> you moved out after you received notice. That's not constructive eviction. And also like I said you lived there through these same damages, through [] same problems from day one almost you said. And so after all this period of time, that you have lived there, a year and a half. Maybe a little more. You've come up to say well now I've decided that I can't live here, I am being constructively evicted. And that seems to coincide with when you got notice.

(Tr. p. 55). On August 29, 2018, Kemp filed a motion to correct error, which was denied by the small claims court on September 26, 2018.

[8] Kemp now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

"Judgments in small claims actions are 'subject to review as prescribed by relevant Indiana rules and statutes.'" *Eagle Aircraft, Inc. v. Trojnar*, 983 N.E.2d 648, 657 (Ind. Ct. App. 2013) (quoting Ind. Small Claims Rule 11(A)). Indiana has specific rules for small claims cases, but the Indiana Rules of Trial Procedure will generally apply "unless the particular rule in question is inconsistent with something in the small claims rules." *Herren v. Dishman*, 1 N.E.3d 697, 702 (Ind. Ct. App. 2013). In accordance with Trial Rule 52(A), the findings or judgments rendered in a bench trial must be upheld unless clearly erroneous. Deference to the small claims court is essential as the "trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting." *Id.* (quoting *Vance v. Lozano*, 981 N.E.2d 554, 557 (Ind. Ct. App. 2012)). This court considers the evidence and related inferences in a light most favorable to the judgment, presuming that the small claims court applied the law correctly and giving due regard to the court's opportunity to judge the credibility of the witnesses. *Eagle Aircraft, Inc.* 983 N.E.2d at 657. "However, this deferential standard does not apply to the substantive rules of law, which are reviewed *de novo* just as they are in appeals from a court of general jurisdiction." *Id.* (internal quotation marks omitted). The burden of proof in a small claims civil suit is the same as it would be had the case been filed in a general trial court. *Herren*, 1 N.E.3d at 702.

## II. *Constructive Eviction*

[10] Kemp contends that the small claims court abused its discretion by rejecting her claim that she was constructively evicted from the rented premises due to a malfunctioning toilet which deprived her of the beneficial use of the residence.

[11] Constructive eviction is a breach by a lessor "so direct and positive, and substantial and permanent in character as to operate as a material and effectual exclusion of the tenant from the beneficial enjoyment of some part of the leased premises." *Sigsbee v. Swathwood*, 419 N.E.2d 789, 793 (Ind. Ct. App. 1981); *see also Village Commons, LLC v. Marion Cty. Prosecutor's Office*, 882 N.E.2d 210, 217 (Ind. Ct. App. 2008) ("[C]onstructive eviction occurs when an interference with possession [is] so serious that it deprives the lessee of the beneficial enjoyment of the leased premises."), *reh'g denied, trans. denied*. When this occurs, the tenant has a "right of election to quit, and avoid the lease and rent, or abide the wrong, and seek his remedy in an action for the trespass." *Talbott v. English*, 59 N.E. 857, 860 (Ind. 1901). In addition, "[i]mposed upon the lessee is the further limitation that the abandonment must occur within a reasonable time after the lessor has committed the act or omission considered to be the constructive eviction." *Sigsbee*, 419 N.E.2d at 794. "Within a reasonable time means within a reasonable time under the circumstances of the case. That is, certain circumstances extend the time deemed to be reasonable." *Id.* "Generally, whether the abandonment was made within a reasonable time is a question of fact for the trier thereof." *Id.*

[12] In her verified counterclaim, Kemp stated that "[s]tarting on the first day, [she] lived at the property[], the toilet was not functioning properly." (Appellant's App. Vol. II, p. 19). "Anyone who used the toilet would need to pour a bucket of water down the toilet and the water would continuously run in the back of the toilet." (Appellant's App. Vol. II, p. 19). In an effort to solve the issue, Kemp offered to hire a plumber to fix the toilet and then have the amount of the plumber's invoice deducted from her rent. Tina refused the offer "and said that she would take care of it." (Appellant's App. Vol. II, p. 19). Kemp notified Tina of the continuing issue "several times" but nothing happened. (Appellant's App. Vol. II, p. 19).

[13] During the hearing, Kemp confirmed the averments made in her counterclaim. She added that the toilet issues got progressively worse over time and despite contacting Tina "to come fix it," Kemp never had a working toilet in the residence. (Tr. p. 32). Ultimately, Kemp "realized that [she was] never going to get [the] toilet fixed and so [she] just finally got the opportunity to move and left." (Tr. p. 35). Kemp vacated the rented premises in February 2018— nineteen months after she moved in.

[14] While the malfunctioning toilet is a serious deprivation of the beneficial enjoyment of the residence, we cannot say that nineteen months is a reasonable amount of time to abandon the house. *See Sigsbee*, 419 N.E.2d at 793-94. *See, e.g., American National Bank & Trust Co. v. Sound City, U.S.A., Inc.*, 385 N.E.2d 144 (Ill. Ct. App. 1979) (delay of three months excused for reliance upon lessor's promise to repair). Even taking into account Tina's promises to fix the

toilet and the existence of a prior landlord-tenant relationship between the parties, these circumstances cannot "extend the time deemed to be reasonable" to nineteen months to live in a residence with the health hazard of non-functioning toilet facilities. *See id.* Therefore, we affirm the small claims court's denial of Kemp's counterclaim for constructive eviction.

### III. *Damages*

Next, Kemp argues that Tina's changing of the locks of the rented premises on February 19, 2018, resulted in an actual eviction and was a violation of Indiana Code section 32-31-5-6(c). As a result, she maintains that the judgment in the amount of $1,250.00 for the lost rent of February and March is erroneous.

Indiana Code section 32-31-5-6(c) provides that

> Except as authorized by judicial order, a landlord may not deny or interfere with a tenant's access to or possession of the tenant's dwelling unit by commission of any act, including the following:
>
> (1) Changing the locks or adding a device to exclude the tenant from the dwelling unit.

However, the statute also clearly specifies that this section "does not apply if the dwelling unit has been abandoned." *See* I.C. § 32-31-5-6(a). Abandonment is defined as the failure to pay the rent due under the rental agreement or "the circumstances are such that a reasonable person would conclude that the tenants have surrendered possession of the dwelling unit." *See* I.C. § 32-31-5-6(b). Here, Kemp testified that she texted Lee on February 6, 2018, notifying

him that she would move out of the rented premises by March 1, 2019. She explained that by February 16, 2018, she was living in her new residence. She also never paid rent for February and March of 2018. Accordingly, as she abandoned the rented premises prior to February 19, 2018, she cannot now claim to have been actually evicted when Tina changed the locks on the rented premises.

[17] Once a tenancy becomes month to month, Indiana Code section 32-31-1-4 establishes that the tenancy can be terminated upon one month's notice. It is undisputed that Kemp notified Lee on February 6, 2018 by text message of her intent to vacate the rented premises by March 1, 2018. Accordingly, pursuant to the statute, if she wanted to vacate the premises by March 1, 2018, Kemp should have provided notice at the latest by February 1, 2018—which she failed to do. As she informed Lee on February 6, 2018, the earliest she could move out of the rented premises was one month later, on March 6, 2018. Mindful of our deferential standard of review, the small claims court could reasonably find that Kemp had deprived Lee of the opportunity to repair the premises and find a new tenant by March 1, 2018. Accordingly, we cannot find the small claims court's damage award of two months' rent to be erroneous.

## CONCLUSION

[18] Based on the foregoing, we hold that Kemp was not constructively evicted from the rented premises due to a malfunctioning toilet and the small claims court's damage award was not erroneous.

Affirmed.

Bailey, J. and Pyle, J. concur