FILED

Jul 25 2017, 7:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Adam D. Decker
Crown Point, Indiana

ATTORNEY FOR APPELLEES

J. Alex Bruggenschmidt
Buchanan & Bruggenschmidt, P.C.
Zionsville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Lamasco Redevelopment, LLC,

*Appellant,*

v.

Henry County, Indiana, Auditor
and Henry County, Indiana,
Treasurer.

*Appellees.*

July 25, 2017

Court of Appeals Case No.
33A01-1702-MI-398

Appeal from the Henry Circuit
Court.
The Honorable Bob A. Witham,
Judge.
Trial Court Cause No.
33C01-1509-MI-116

**Sharpnack, Senior Judge**

## Statement of the Case

[1]     Lamasco Redevelopment, LLC, appeals the trial court's order granting the
Henry County Auditor and Henry County Treasurer's request to invalidate
Lamasco's purchase of two properties at a 2015 tax sale and to vacate the

court's orders directing that tax deeds be issued to Lamasco for those properties. We reverse and remand.

# Issue

[2] Lamasco raises two issues, which we consolidate and restate as: whether the court erred in invalidating the tax sale and vacating its orders directing the issuance of tax deeds.

# Facts and Procedural History

[3] This case concerns two parcels of land in Henry County. The first, identified as Tax Sale Certificate Number 331500413 ("413"), was owned by Tax Ease Florida REO, LLC, a Texas company. The second, identified as Tax Sale Certificate Number 331500091 ("91"), was owned by Unique Real Estate Solutions, Inc., an Indiana company.

[4] Tax Ease and Unique Real Estate were delinquent in paying property taxes for their parcels. On September 4, 2015, the Auditor and the Treasurer began this case by petitioning the trial court for permission to sell the parcels, along with others, at a tax sale. The trial court granted the petition on September 18, 2015.

[5] The tax sale was held on September 24, 2015, and Lamasco was the successful bidder for parcels 413 and 91. The Auditor issued tax sale certificates to Lamasco for the parcels. The certificates stated Lamasco would be entitled to tax deeds for the parcels unless the owners paid the property taxes on or before September 26, 2016. Next, on November 3, 2015, Lamasco sent notices to Tax

Ease and Unique Real Estate explaining their properties had been sold at a tax sale and advising them of the September 26, 2016 redemption deadline. Neither landowner appeared in the tax sale case or paid the back taxes.

[6] On October 4, 2016, Lamasco sent Tax Ease and Unique Real Estate notices stating the redemption period had expired and Lamasco would petition the trial court to issue tax deeds. On November 15, 2016, Lamasco filed with the trial court petitions for the issuance of tax deeds for parcels 413 and 91, claiming it had complied with all statutory obligations and the owners had not redeemed the parcels. On December 7, 2016, the court granted both petitions and directed the Auditor to issue tax deeds to Lamasco for parcels 413 and 91.

[7] The Auditor subsequently discovered it had endorsed deeds purporting to transfer Tax Ease and Unique Real Estate's interests in their parcels to other persons. On September 15, 2016, Unique Real Estate executed a warranty deed for parcel 91 to Justin D. Kolodziej for ten dollars. The deed was recorded in Henry County on September 20, 2016, within the redemption period. On December 5, 2016, Tax Ease executed a quitclaim deed to Ovation REO 1, LLC, for parcel 413 for $4,182.39. The deed was recorded in Henry County on December 27, 2016, after the redemption period had expired. No one paid the back taxes for the parcels.

[8] On January 20, 2017, the Auditor and the Treasurer filed a motion to invalidate the tax sale as to parcels 413 and 91 and to vacate the orders for tax deeds to be issued to Lamasco. They served the motion on Ovation REO and Kolodziej,

along with Lamasco. In the motion, the Auditor and the Treasurer claimed that Indiana Code section 32-21-8-7 (2016), which took effect on July 1, 2016, bars auditors from endorsing the conveyance of properties that are subject to tax liens unless the property has been redeemed. The Auditor and the Treasurer further stated the Auditor was unaware of the statute and inadvertently violated it by endorsing Unique Real Estate's warranty deed and Tax Ease's quitclaim deed even though the purchasers had not paid the delinquent property taxes. They concluded the breach of Indiana Code section 32-21-8-7 "compromised the legal integrity of the tax sale" and that Kolodziej and Ovation REO's property rights were "materially undermined." Appellant's App. p. 50.

[9] The trial court granted the motion without a hearing. The court invalidated the tax sale as to parcels 413 and 91, vacated the orders directing the Auditor to issue tax deeds, ordered the Auditor to refund to Lamasco all monies due by statute, and directed Lamasco to restore the ownership interests of the prior owners of record. Neither Ovation REO nor Kolodziej appeared in the case. Lamasco filed a motion to correct error, to which the Auditor and Treasurer objected. The court denied Lamasco's motion, and this appeal followed.

## Discussion and Decision

[10] Lamasco argues the trial court erred in invalidating the tax sales and vacating its prior orders to issue tax deeds for parcels 413 and 91 because the sales fully complied with governing statutes and Lamasco had fulfilled its responsibilities as a tax sale purchaser. The Auditor and the Treasurer state the trial court

acted appropriately because the Auditor's violation of Indiana Code section 32-21-8-7 compromised the "legal integrity of the tax sale." Appellees' Br. p. 8.

[11] The trial court's order did not contain any findings of fact or conclusions thereon. We thus review the order as a general judgment and, without reweighing evidence or considering witness credibility, we will affirm if sustainable on any theory consistent with the evidence. *Purdue Farms v. Pryor*, 683 N.E.2d 239, 240 (Ind. 1997). The application of a statute is a question of law and is subject to de novo review. *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016).

[12] When an owner of real estate fails to pay property taxes, the property may be subject to sale by county authorities in settlement of the delinquent taxes. *Marion Cty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 217 (Ind. 2012); *see also* Ind. Code §§ 6-1.1-22-10 (1993) (authorizing county officials to file suit for delinquent property taxes), 6-1.1-24-4.7 (2015) (outlining procedure for court approval of tax sale). Before a landowner is deprived of his or her property interest through a tax sale, notice must be given in a manner that satisfies due process requirements of the United States Constitution. *Lindsey v. Neher*, 988 N.E.2d 1207, 1209 (Ind. Ct. App. 2013).

[13] There is no dispute that, at the time the Auditor and Treasurer sought permission to sell parcels 413 and 91 at a tax sale, the parcels' owners were delinquent on their property taxes. There is also no dispute that the tax sale

held on September 24, 2015, complied with governing statutes and that Lamasco fulfilled all responsibilities as the tax sale purchaser of the parcels, especially with regard to providing the proper notices to Tax Ease and Unique Real Estate. Further, Tax Ease and Unique Real Estate did not respond to the Auditor's notice of tax sale or Lamasco's notices, and they did not pay the delinquent taxes or appear in the case below. The key issue for us to resolve is whether the trial court was required to invalidate the tax sale and vacate its orders to the Auditor to issue tax deeds to Lamasco because of the Auditor's unintentional violation of Indiana Code section 32-21-8-7 by endorsing post-tax sale deeds to purchasers who had failed to pay back taxes.

[14] Before addressing the statute, we note our rules of statutory interpretation. If the language of the statute is unambiguous, it is not subject to judicial interpretation. *In re 2002 Lake Cty. Tax Sale*, 818 N.E.2d 505, 507 (Ind. Ct. App. 2004). Where the statute is unambiguous, the Court will read each word and phrase in its plain, ordinary and usual sense, without having to resort to rules of construction to decipher meanings. *Porter Dev., LLC v. First Nat'l Bank of Valparaiso*, 866 N.E.2d 775, 778 (Ind. 2007). Statutes relating to the same general subject matter should be read together to produce a harmonious statutory scheme. *In re 2002 Floyd Cty. Tax Sale*, 813 N.E.2d 805, 807 (Ind. Ct. App. 2004).

[15] The statute at issue, Indiana Code section 32-21-8-7, took effect on July 1, 2016, during the redemption period for parcels 413 and 91. That statute provides:

(a) Before a county auditor may make the endorsement required by IC 36-2-11-14 on a document of conveyance for property to which this chapter applies, the person acquiring the property must:

(1) redeem the property by paying to the county treasurer the total amount required under IC 6-1.1-25; and

(2) provide to the county auditor proof from the county treasurer that the person made the payment specified under subdivision (1).

(b) A conveyance of property to which this chapter applies is inoperable and void if the conveyance document is not recorded with the county recorder of the county where the property is located on or before the expiration of the redemption period specified under IC 6-1.1-25 for the property.

*Id.*[1] This statute "applies to a transfer of property made after June 30, 2001, that transfers ownership of the property from a delinquent taxpayer to another person after the property is sold at a tax sale under IC 6-1.1-24 and before the tax sale purchaser is issued a tax sale deed under IC 6-1.1-25-4." Ind. Code § 32-21-8-1 (2002).

[16] Lamasco argues Indiana Code section 32-21-8-7:

was enacted to prevent unscrupulous persons and companies from purchasing properties from owners whose properties were sold at tax sale for an amount in excess of the minimum bid, and then making claims for the surplus (i.e. the amount of bid that exceeds the minimum bid) that would otherwise be payable to the original owner.

---

[1] In addition, a county recorder may not record a conveyance of land unless the conveyance has been endorsed by the county auditor. Ind. Code § 36-2-11-14 (2007).

Appellant's Br. p. 12. By contrast, the Auditor and the Treasurer claim Indiana Code section 32-21-8-7:

> is deliberately designed to both resolve competing claims to ownership of real property in the county's records after a tax sale and inform people prejudiced by a tax sale who are not otherwise entitled to notice by virtue of the nature and structure of Indiana's tax sale system.

Appellees' Br. p. 10.

[17] The purpose of Indiana Code section 32-21-8-7 is plain from its text in the context of Indiana Code section 32-21-8-1. It is intended to prevent the transfer of property that has been sold at a tax sale from the delinquent tax payer to a transferee prior to the expiration of the redemption period unless the transferee redeems the property and provides proof to the auditor from the treasurer that the amount required has been paid. It also renders void any transfer of any property that has been sold at a tax sale from the delinquent tax payer to a transferee prior to the issue of a tax sale deed if the conveyance document is not recorded on or before the expiration date of the redemption period.

[18] Put simply, unless the property of the delinquent taxpayer is redeemed during the redemption period, the tax sale process continues to its conclusion with the issuance by the auditor of a deed to the tax sale purchaser.

[19] Unfortunately, the transfer of property Indiana Code section 32-21-8-7 was intended to prevent occurred here despite the statute. Turning to Tax Ease's transfer of parcel 413 to Ovation REO 1, LLC, by quitclaim deed, there is no dispute the conveyance was recorded after the redemption period had expired.

According to the plain language of Indiana Code section 32-21-8-7(b), the conveyance is void. The invalid conveyance of parcel 413 to Ovation REO cannot support the trial court's decision to invalidate Lamasco's tax sale purchase of parcel 413 and vacate the order to issue a tax deed to Lamasco, regardless of the Auditor's unintentional violation of the statute.

[20] As for parcel 91, Unique Real Estate executed its warranty deed to Kolodziej, and Kolodziej recorded it within the redemption period, but neither Unique Real Estate nor Kolodziej had redeemed the parcel. Unique Real Estate did not appear in the tax sale case to defend its interest in the parcel. Furthermore, after the Auditor and the Treasurer filed their motion to invalidate sales and vacate orders for tax deed, Kolodziej did not appear in the case. Thus, although the Auditor erred in endorsing the warranty deed, the unauthorized endorsement did not affect the tax lien process in any way. In addition, the plain language of Indiana Code section 32-21-8-7 provides no basis to conclude that an auditor's failure to comply with the statute should stop an otherwise lawful tax sale process. If the General Assembly intended for an auditor's violation of the statute to stop the tax sale process, it would have drafted the statute accordingly.

[21] The Auditor and the Treasurer argue that a different statute, Indiana Code section 6-1.1-25-11 (2015), authorized the court to invalidate the tax sales of the parcels and authorized a generous remedy for Lamasco in the form of a refund with interest. That statute provides:

(a) Subsequent to the issuance of the order directing the county auditor to issue a tax deed to real property sold under IC 6-1.1-24, a county auditor shall refund:

(1) the purchase money and all taxes and special assessments on the property paid by the purchaser, the purchaser's assigns, or the purchaser of the certificate of sale under IC 6-1.1-24 after the tax sale plus five percent (5%) interest per annum; and

(2) the costs described in section 2(e) of this chapter, if the costs were certified before the expiration of the period of redemption, subject to section 2.5 of this chapter;

from the county treasury to the purchaser, the purchaser's successors or assigns, or the purchaser of the certificate of sale under IC 6-1.1-24 if it is found by the court that entered the order for the tax deed that the sale was invalid.

(b) The grantee of an invalid tax deed, including the county, to whom a refund is made under this section shall execute, acknowledge, and deliver to the owner a deed conveying whatever interest the purchaser may have acquired by the tax sale deed. If a county is required to execute a deed under this section, the deed shall be signed by the county board of commissioners and acknowledged by the clerk of the circuit court.

(c) A refund may not be made under this section while an action initiated under either section 14 or 16 of this chapter is pending.

(d) If a sale is declared invalid after a claim is submitted under IC 6-1.1-24-7 for money deposited in the tax sale surplus fund and the claim is paid, the county auditor shall initiate an action to recover the amount claimed, plus reasonable attorney's fees and any other costs reasonably incurred by the county in the course of, and attributable to, the recovery of the amount claimed.

*Id.*

We disagree with the Auditor and the Treasurer's reading of the statute. The plain language of Indiana Code section 6-1.1-25-11 sets forth the remedies

available to tax sale purchasers if a trial court invalidates a sale or a tax deed, but it does not provide an independent basis for a court to determine a tax sale is invalid.

[23] Next, the Auditor and the Treasurer claim the trial court had the equitable authority to "prevent injustice" to Ovation REO and Kolodziej. Appellees' Brief p. 12. They cite *In re 2014 Johnson Cty. Tax Sale*, 48 N.E.3d 340 (Ind. Ct. App. 2015), *M Jewell, LLC v. Powell*, 954 N.E.2d 1053 (Ind. Ct. App. 2011), and *Tajuddin v. Sandhu Petroleum Corp. No. 3*, 921 N.E.2d 891 (Ind. Ct. App. 2010). Those cases are distinguishable. In each of those cases, the owners of properties that were sold at tax sales sought relief, claiming the process by which they were supposed to receive notice of the tax sales was defective. The courts granted equitable relief to protect the owners from losing their properties unfairly. By contrast, in this case neither the sellers nor the purchasers of the parcels appeared in the case to protect their property interests, and there is no showing of error in the tax sale process.

[24] The Auditor and the Treasurer further argue that Lamasco is a "professional tax sale investor" and knew the risks of buying properties at tax sales, contending this is a case of "buyer beware." Appellees' Br. pp. 5, 13. They further state Ovation REO and Kolodziej were prejudiced by the Auditor's unauthorized endorsement of the deeds because, if the Auditor had refused to endorse the transfers as required by Indiana Code section 32-21-8-7, the refusal would have "alert[ed] them of the ongoing tax sale proceedings." *Id.* at 10.

[25] Nothing in the plain language of Indiana Code section 32-21-8-7 indicates the procedure outlined in that statute is intended to inform potential buyers of the property's status. Rather, it is more accurate to state that the principle of "buyer beware" applies to all parties. Both Tax Ease and Unique Real Estate were aware or reasonably should have been aware that their properties had been auctioned at a tax sale, thanks to notices provided by Lamasco. Any entity or person seeking to buy Tax Ease and Unique Real Estate's parcels could have inquired as to the parcels' status.

[26] Further, the record does not conclusively demonstrate that Ovation REO and Kolodziej were unaware that the properties they had purchased were subject to tax liens following a tax sale. Tax Ease's quitclaim deed to Ovation REO stated the deed was "subject to any and all liens" and "all taxes both current and delinquent." Appellant's App. p. 53. Unique Real Estate's warranty deed to Kolodziej informed him the deed was "subject to 2015 taxes due and payable 2016" as well as "any and all . . . matters of record." *Id.* at 59.[2]

[27] The Auditor and the Treasurer argue the trial court's judgment must be upheld because they have a legitimate concern that the Auditor's failure to comply with Indiana Code section 32-21-8-7 will subject the county to lawsuits by Kolodziej

[2] The Auditor and Treasurer further assert that reversing the trial court would be particularly unfair to Kolodziej because he "would literally lose his home." Appellees' Br. p. 12. The record establishes there is a house on the parcel, and Kolodziej indicated on a form that he intended for it to be his primary residence, but there is no information about the home's condition or whether he has moved into the house. In addition, Kolodziej paid only ten dollars for Unique Real Estate's interest in the parcel, which would cause a reasonable person to conclude his investment in the parcel is not compelling.

and Ovation REO. Just as the Auditor's failure to comply with Indiana Code section 32-21-8-7 did not impact the tax sale process, any potential liabilities of the county similarly should not impact the tax sale process. In any event, concerns about civil liability seem premature when Kolodziej and Ovation REO also failed to comply with Indiana Code section 32-21-8-7 and did not take any steps to protect their interests in the parcels they had purchased.

[28] The Auditor's failure to comply with Indiana Code section 32-21-8-7 did not provide a basis for the trial court to invalidate the tax sale and vacate its orders directing the issuance of tax deeds. As a result, the trial court's judgment cannot be sustained. We reverse and remand with instructions to vacate the January 23, 2017 order and reinstate the orders to the Auditor to issue tax deeds for parcels 413 and 91 to Lamasco.

# Conclusion

[29] For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

[30] Reversed and remanded.

Bailey, J., and Robb, J., concur.