

FILED

Oct 12 2017, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam D. Decker
Crown Point, Indiana

ATTORNEY FOR APPELLEES

J. Alex Bruggenschmidt
Buchanan & Bruggenschmidt, P.C.
Zionsville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lamasco Redevelopment, LLC, <br> *Appellant,* <br><br> v. <br><br> Henry County, Indiana, Auditor and Henry County, Indiana, Treasurer. <br> *Appellees.* | October 12, 2017 <br><br> Court of Appeals Case No. 33A01-1702-MI-398 <br><br> Appeal from the Henry Circuit Court. <br> The Honorable Bob A. Witham, Judge. <br> Trial Court Cause No. 33C01-1509-MI-116 |

**Sharpnack, Senior Judge**

[1] The Henry County Auditor and the Henry County Treasurer have filed a petition requesting rehearing of our July 25, 2017 opinion. *Lamasco Redevelopment, LLC v. Henry Cty, Ind., Auditor*, 80 N.E.3d 257 (Ind. Ct. App. 2017). We grant rehearing to address the issues raised by the Auditor and Treasurer, but we reaffirm our opinion.

[2] The Auditor and Treasurer first claim the Court failed to consider all the evidence. In the opinion, we noted that according to the warranty deed for parcel 91, Justin Kolodziej paid Unique Real Estate Solutions, Inc., $10 for the property. *Id.* at 259. We further stated in a footnote that $10 does not reflect a substantial investment in the property. *Id.* at 263 fn 2.

[3] The Auditor and Treasurer now point to other evidence in the record indicating that despite the representations in the warranty deed, Kolodziej paid $30,000 for the property after taking out a mortgage. The amount Kolodziej paid is ultimately immaterial to our decision in this case. As we stated in the opinion, "the key issue for us to resolve is whether the trial court was required to invalidate the tax sale and vacate its orders to the Auditor to issue tax deeds to Lamasco because of the Auditor's unintentional violation of Indiana Code section 32-21-8-7 by endorsing post-tax sale deeds to purchasers who had failed to pay back taxes." *Id.* at 260.

[4] Indiana Code section 32-21-8-7 clearly states that a county auditor may not endorse a deed for the transfer of property that is being sold through a tax sale unless the purported purchaser pays the delinquent property taxes. The statute does not provide that the auditor's erroneous endorsement of a deed during the tax sale process renders the tax sale invalid, and for good reason. In this case, the Auditor's erroneous endorsement of Kolodziej's warranty deed for parcel 91 did not affect the tax sale process in any way. The Auditor's mistake appears to be a matter for the Auditor and Kolodziej to resolve between themselves, not grounds to undo Lamasco's good-faith purchase, particularly considering

Lamasco's compliance with the requirements of the tax sale process. As we have stated, the intent of Indiana Code section 32-21-8-7, as shown by its plain language, is that "unless the property of the delinquent taxpayer is redeemed during the redemption period, the tax sale process continues to its conclusion with the issuance by the auditor of a deed to the tax sale purchaser." *Lamasco Redevelopment*, 80 N.E.3d at 261. Thus, the Auditor and Treasurer's factual argument does not provide grounds for reversal.

[5] The Auditor and the Treasurer next claim the opinion misstated key points in *In re 2014 Johnson County Tax Sale*, 48 N.E.3d 340 (Ind. Ct. App. 2015). They assert that in that case, "it was the county auditor, not the property owner, who prosecuted the court action and requested the trial court to grant equitable relief from the tax sale." Petition for Rehearing p. 8. We disagree. In that case, the property owner was a party to the case and participated in a hearing that resulted in a refusal to issue a deed to a tax sale purchaser. The property owner also participated in the appeal.

[6] Here, the Auditor and the Treasurer sent Kolodziej a copy of their motion to invalidate the tax sale, but he made no appearance in the trial court or in this Court to assert his claim to the property based on his deed. Furthermore, in the current case, unlike *In re 2014 Johnson County Tax Sale*, the Auditor and Treasurer sought to set aside deeds to protect themselves from claims based on their failure to comply with the statutory requirements.

Viewed equitably, Lamasco, who did all required by law, stands on higher ground than the county officials who failed to do all required by law and the grantees who benefitted from that failure.

For these reasons, we grant rehearing but reaffirm our opinion.

Bailey, J., and Robb, J., concur.