



FILED

Oct 11 2023, 1:24 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 23S-TP-00090

## In Re the 2020 Madison County Tax Sale;
## James A. Crowe and Phyllis Lynn Crowe,
*Appellants (Interested Parties below),*

—v—

## Savvy IN, LLC,
*Appellee (Petitioner below).*

---

Argued: June 6, 2023 | Decided: October 11, 2023

Appeal from the Madison Circuit Court
No. 48C03-2112-TP-757
The Honorable Andrew R. Hopper, Judge,
and The Honorable Christopher A. Cage, Master Commissioner

On Petition to Transfer from the Indiana Court of Appeals
No. 22A-TP-1113

---

**Opinion by Justice Massa**

Chief Justice Rush and Justices Slaughter, Goff, and Molter concur.

**Massa, Justice**

Savvy IN, LLC challenges the Court of Appeals' decision granting James and Phyllis Crowe additional time to redeem their properties. Savvy IN argues their certified and first-class mailed notice letters, which notified the Crowes that the company purchased their properties at a tax sale, satisfy the minimum requirements under the Fourteenth Amendment's Due Process Clause and Indiana law. Because we find Savvy IN's notice letters met these minimum requirements, we affirm the trial court's denial of the Crowes' Indiana Trial Rule 60(B)(6) motion.

# Facts and Procedural History

In 1997, James and Phyllis Crowe (collectively, "the Crowes") acquired title to three parcels of land ("Properties"), where the couple has resided since 1998. In 2019, the Crowes received notice that their Properties were sold in a tax sale due to the failure to pay their 2018 property taxes. The Crowes admitted they received the required constitutional and statutory notices informing them they had a right to redeem their Properties. Phyllis went to the Madison County Auditor's Office and paid the redemption amount. She believed this payment covered all taxes due for 2018 and 2019, but the payment only covered the 2018 delinquent taxes.

In September 2020, Madison County again certified the Properties for a tax sale due to delinquent 2019 property taxes. Under Indiana Code section 6-1.1-24-4(b), Madison County mailed notice of the 2020 Tax Sale to the Crowes' mailing address by certified mail, return receipt requested, and first-class mail, informing them of the tax sale and their opportunity to redeem their Properties. This time, the Crowes did not redeem their Properties and the trial court ordered the Properties to be sold.

That October, Savvy IN purchased the Properties at the tax sale. On February 10, 2021, as required by Indiana Code section 6-1.1-25-4.5(d), Savvy IN notified the Crowes by certified mail, return receipts requested, that their Properties had been purchased at the tax sale and they had until October 5, 2021, to redeem them. The certified mail receipts note the date of delivery occurred on "2-17" with "HVHR2C79" or "HVHR2C-19" in

the signature line. The return receipts do not appear to be signed by either of the Crowes.[1] Savvy IN also mailed a copy of notice to the Crowes via first-class United States mail. Neither the certified mail nor the first-class mail was returned to Savvy IN, and Savvy IN did not take further action to notify the Crowes.

October 5 came and went without redemption. Savvy IN petitioned the trial court under Indiana Code section 6-1.1-25-4.6 to direct the county auditor to issue tax deeds for the Properties and mailed notice of the verified petition to the Crowes via certified mail, return receipt requested and a copy of the notice via first-class mail. The certified mail receipt states the notice letter was delivered on "12-13-[indecipherable year]," with lines drawn through the signatory's name and the signature line accompanied by an indecipherable signature. The return receipts do not appear to be signed by either of the Crowes. Neither the certified mail nor the first-class mail was returned to Savvy IN, and Savvy IN did not take further action to notify the Crowes. The Crowes did not object to the petition within thirty days, so the trial court granted Savvy IN's petition, and the county auditor issued the tax deeds not long after that.

On February 10, 2022, the Crowes moved for relief from the judgment under Indiana Trial Rule 60(B)(6) claiming they did not receive any notice letters, thus rendering the judgment and tax deeds void. At a hearing, the

---

[1] Typically, when certified letters include a return receipt request, the receiving customer signs for the parcel and the return receipt is mailed back to the sender. *About: Domestic Return Receipt*, U.S. Postal Serv., https://about.usps.com/publications/pub370/pub370_v10_revision_012016_tech_005.htm, archived at https://perma.cc/FMS7-YNKX (last visited Oct. 10, 2023). In March 2020, the United States Postal Service adjusted operations in response to the COVID-19 pandemic. *USPS Coronavirus Updates for Residential Customers*, U.S. Postal Serv., https://about.usps.com/who/profile/history/pdf/delivering-during-covid-19.pdf, archived at https://perma.cc/XAE3-Z2Y5 (last visited Oct. 10, 2023). To avoid close contact during the pandemic, USPS modified its procedure. *Id*. Instead of signing for the certified mail, the customer held up some form of identification, such as a driver's license, to the window and the carrier entered the customer's first initial and last name on their handheld delivery device or hardcopy certified receipts. *Id*. Additionally, instead of a customer's signature, the mail carrier printed their own initials, route number, and the notation C19. *Id*. The mail carrier would then leave the mail in the mailbox or by the customer's door. *Id*.

Crowes testified they did not receive any of the notice letters from the County or Savvy IN regarding the Properties' delinquent taxes and the 2020 tax sale.

The trial court denied the Crowes' motion on April 22, 2022, and the Crowes appealed. In a published opinion, the Court of Appeals acknowledged the importance of notice, but declined to engage in an actual due process analysis applicable to the Crowes' claims. Instead, the panel reversed on equitable grounds affording the Crowes an extra thirty days to redeem their Properties. *In re 2020 Madison Cnty. Tax Sale*, 200 N.E.3d 929, 935 (Ind. Ct. App. 2022).

Savvy IN petitioned for transfer, which we granted, thus vacating the Court of Appeals' opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Indiana Trial Rule 60(B) is one way for a property owner to challenge the sale of their property as void because they did not receive adequate notice. *See Diversified Invs., LLC v. U.S. Bank, NA*, 838 N.E.2d 536, 544–45 (Ind. Ct. App. 2005), *trans. denied*. A trial court determines whether the judgment is void or valid. *See Menard, Inc. v. Lane*, 68 N.E.3d 1106, 1109 (Ind. Ct. App. 2017), *modified on reh'g*, 86 N.E.3d 228 (Ind. Ct. App. 2017),*trans. denied*. If a trial court finds the judgment void, then the judgment cannot be enforced, but if the judgment is valid, then the Trial Rule 60(B) motion must be denied. *Id*. (quoting *Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1205 (Ind. Ct. App. 2014), *trans. denied*). A denial of a motion for relief from judgment is reviewed for abuse of discretion. *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 812 (Ind. 2012). A trial court abuses its discretion when its denial is "clearly against the logic and effect of the facts" and inferences supporting the judgment for relief. *Id*. (quoting *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993)). "On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." *Darling v. Martin*, 827 N.E.2d 1199, 1202 (Ind. App. 2005) (quoting *G.B. v. State*, 715 N.E.2d 951, 953 (Ind. Ct. App. 1999)), *reh'g denied*.

# Discussion and Decision

When a property owner fails to pay property taxes, a county may sell the property to recover the delinquency. Ind. Code §§ 6-1.1-24-1 to -14. But before the county may deprive the owner of his land, it must give notice "in a manner that satisfies due process requirements of the United States Constitution." *Lamasco Redevelopment, LLC v. Henry Cnty.*, 80 N.E.3d 257, 260 (Ind. Ct. App. 2017) (citing *Lindsay v. Neher*, 988 N.E.2d 1207, 1209 (Ind. Ct. App. 2013)), *aff'd on reh'g*, 84 N.E.3d 1243 (Ind. Ct. App. 2017), *trans. granted*, 98 N.E.3d 71 (Ind. 2018), *trans denied*, 97 N.E.3d 606 (Ind. 2018).  The court must "ensure the basic requirements of due process are met in a particular case." *Ind. Land Tr. Co. v. XL Inv. Properties, LLC*, 155 N.E.3d 1177, 1182 (Ind. 2020).

Here, Savvy IN argues that it provided sufficient notice, and that the appellate opinion below departs from both this Court's decision in *Indiana Land Trust Company v. XL Investment Properties, LLC*, 155 N.E.3d 1177 (Ind. 2020), and the United States Supreme Court's decision in *Jones v. Flowers*, 547 U.S. 220 (2006). We agree and find Savvy IN complied with federal due process and state statutory requirements and thus affirm the trial court's denial of the Crowes' Trial Rule 60(B)(6) motion.

## I. Savvy IN's notices to the Crowes satisfy due process.

First, we review whether Savvy IN satisfied constitutional due process. Before the tax sale of delinquent property by the county, the Fourteenth Amendment's Due Process Clause requires that "notice reasonably calculated" be given to the property owners, informing them of the pending tax sale because they should have a chance to object. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). The United States Supreme Court and this Court have outlined how notice can satisfy this constitutional threshold.

Relevant here are two U.S. Supreme Court cases that demonstrate the notice the Due Process Clause requires. In the first case, *Mennonite Board of Missions v. Adams*, Elkhart County, Indiana posted notice of tax delinquency and mailed notice to the owner, but the County did **not** mail a notice letter regarding the pending tax sale to the mortgagee, an interested party. 462 U.S. at 794. In concluding that mailing a letter of notice satisfies due process, the Court explained, "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of **any** party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Id*. at 800 (emphasis in original).

In the second case, *Jones v. Flowers*, the Supreme Court considered whether (and what) "additional" steps a person must take to provide reasonable notice when a mailed notice letter is returned undelivered. 547 U.S. 220, 223 (2006). After certifying the property as delinquent, the Arkansas Commissioner of state lands mailed Jones, who had since moved elsewhere and had not updated his address with the tax collector, a notice letter at the property's address, but the letter was returned as "unclaimed." *Id*. at 224. Flowers eventually bought the property, and Jones filed suit alleging inadequate notice resulted in the unlawful sale of his property without due process. *Id*. The Supreme Court opined that due process requires taking "additional reasonable steps" to provide notice when a notice letter is returned undelivered or unclaimed, *id.* at 225, so interested parties can object to the threatened action, *see id.* at 226. In determining whether notice has been reasonably calculated, the Court requires a "balancing" of government and individual interests. *Id*. at 229 (citing *Mullane*, 339 U.S. at 314). The Supreme Court refused to mandate what type of notice the government should adopt, but noted each case should individually assess the feasibility of taking reasonable steps, such as sending notice via regular mail or posting notice on the property's door. *Id*. at 234–35.

Like the Supreme Court, we too have reviewed due process notice requirements in three helpful cases. In *Marion County Auditor v. Sawmill Creek, LLC*, Sawmill Creek purchased property, but documents listed the

purchaser as "Saw Creek Investments, L.L.C.," instead of "Sawmill Creek, LLC[.]" 964 N.E.2d 213, 214 (Ind. 2012). After the company moved, a notice of the address change referenced Sawmill, but not Saw Creek, so the property's mailing address was not updated in the County's database. *Id*. at 215. Taxes became delinquent and notice was sent via certified mail to the original mailing address and returned as undeliverable. *Id*. The auditor then published notice of the property's sale in the newspaper, on a website, and on a list posted outside the county clerk's office. *Id*. Sawmill Creek moved to set aside the tax sale, alleging the "provide[d] notice of the pending sale of its property violated the constitutional due process requirement articulated by the U.S. Supreme Court in *Jones v. Flowers*." *Id.* at 217. After examining whether the auditor acted "as one desirous of actually informing[,]" *id.* at 219, we concluded the auditor satisfied the *Flowers* due-process requirements because once the auditor learned that the notice was not delivered, the auditor published notice in additional ways **and** searched for a better mailing address, *id*. at 220–22.

The second case, *M & M Investment Group, LLC v. Ahlemeyer Farms, Inc.*, involved a mortgagee who did not receive required pre-sale notice of the tax sale from the county's auditor but did receive required notice from the buyer regarding the completed sale and its intention to seek a tax deed. 994 N.E.2d 1108, 1111 (Ind. 2013). We reviewed Indiana's tax sale statutes and determined that notice requirements are different depending on the class of interest at stake and "[e]ach class of interest merits its own analysis." *Id.* at 1118.

Lastly, in *Indiana Land Trust v. XL Investment Properties*, *LLC*, we reviewed whether a county auditor's "simultaneous" certified mail and first-class mailing of notice letters qualified as reasonably calculated notice under the Due Process Clause of the Fourteenth Amendment. 155 N.E.3d at 1179. The certified mail was returned undeliverable, but the first-class mail was never returned, which "indicated to the Auditor that the mail was received by the intended recipient." *Id.* at 1189. Because the certified mail was returned undeliverable and other tools to find the owner proved unhelpful, the county auditor published notice in the local newspaper. *Id*. at 1181. The property was sold. *Id*. We held that the county auditor was not merely going through the motions but actually tried to inform the

owner of the impending tax sale, given the additional steps taken after the certified mail was returned undelivered. *Id*. at 1189. The Court explained the county auditor was not required to take even further steps to provide notice because the first-class mail was not returned, suggesting it was received, distinguishing the case from *Sawmill Creek*, where the auditor sent notice by "first-class mail after a certified letter was returned as undeliverable." *Id*. (citing 964 N.E.2d at 219–20). The Court further explained the approach in *Sawmill Creek* was "unreasonable" because of "the auditor's new knowledge that the certified letter was not deliverable at the listed address." *Id*. Had both the first-class mail and certified mail been returned as undeliverable, then the auditor might have had to take reasonable additional steps. *Id*. But because "the Constitution does not require more than the actions taken in this case[,]" the Court would not "require more than the threshold requirements of due process[.]" *Id*. (citing *Jones*, 547 U.S. at 238).

"[T]o assess the adequacy of a particular form of notice, a Court must balance the interest of the State against the individual interest sought to be protected by the Fourteenth Amendment." *Id*. at 1184 (citing *Jones*, 547 U.S. at 229). "This balancing of interests depends on the class of interest at stake." *Id*. at 1187 (citing *M & M Inv. Grp.*, 994 N.E.2d at 1118). In our evaluation, we look to "the adequacy of notice afforded" to the Crowes "before the county sought to extinguish its interest in the property." *Id*. This evaluation involves an examination of every relevant fact to determine whether Savvy IN acted "as one desirous of actually informing" the Crowes of the tax sale. *See Sawmill Creek*, 964 N.E.2d at 218–19. "[W]hen mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." *Jones*, 547 U.S. at 225. Yet additional reasonable steps will only be triggered if the certified and first-class mailings are returned as undelivered. *Land Trust*, 155 N.E.3d at 1189. The serving party is not constitutionally required to speculate whether service was sufficient without evidence that each mailing was undeliverable. *Id*.

Our present case requires a balancing of interests between two private parties, *see Jones*, 547 U.S. at 229 (citing *Mullane*, 339 U.S. at 314), one party

seeking to obtain property purchased through a tax sale and one party seeking to keep their property, which was delinquent in taxes. *See M & M Inv. Grp.*, 994 N.E.2d at 1118 ("Each class of interest merits its own analysis."). We do not conduct an inquiry into whether the Crowes **actually received the notice** they claim not to have received, but instead inquire whether Savvy IN acted "as one desirous of actually informing" the Crowes that their property was sold at the tax sale and the tax deeds had issued. *See Sawmill Creek*, 964 N.E.2d at 219; *see also Mennonite Bd. of Missions*, 462 U.S. at 800 (explaining that "[n]otice by mail or other means as certain to ensure actual notice" to any interested party who would be adversely affected by a proceeding is a "minimum constitutional precondition" to such a proceeding).

In February 2021, Savvy IN sent notice letters via certified mail to the Crowes, informing them of their purchase. The certified mail return receipt noted the letter was delivered on "2-17" with "HVHR2C79" or "HVHR2C-19" in the signature line. Savvy IN also mailed a copy of the notice letter to the Crowes via first-class United States mail. And unlike in *Sawmill Creek* and *Land Trust*, the certified mail was not returned undelivered and neither was the first-class mail. *Cf. Sawmill Creek*, 954 N.E.2d at 215; *Land Trust*, 155 N.E.3d at 1181. After the redemption period passed, Savvy IN petitioned for tax deeds to be issued and mailed the notice of the verified petition to the Crowes via certified and first-class mail. The certified mail receipt states the date of delivery was "12–13–[indecipherable year]," with lines drawn through the signatory's name and signature line accompanied by an indecipherable signature. Neither the certified mail nor the first-class mail was returned to Savvy IN as undelivered. The Crowes did not present contrary evidence, and since none of the mailed notice letters were returned to Savvy IN marked undeliverable, Savvy IN was not required to take "additional reasonable steps." *Jones*, 547 U.S. at 234. As we explained in *Land Trust*, absent such evidence, Savvy IN is not constitutionally required to speculate whether notice was sufficient because the mailings indicate actual delivery at the Crowes' address. 155 N.E.3d at 1189. And because the Constitution does not require further actions when notice letters are not returned

undeliverable, *see id.*, Savvy IN's actions meet the federal constitutional threshold under the Fourteenth Amendment.

## II. Savvy IN's certified and first-class mailed notice letters also satisfy Indiana law.

Having found that Savvy IN's actions complied with federal due process requirements, we now examine their compliance with Indiana law.

The General Assembly codified tax sale requirements when a real property owner becomes delinquent on property taxes. *See* I.C. § 6-1.1-24 *et seq.* After a tax sale, "the county auditor shall deliver a certificate of sale to the purchaser[.]" I.C. § 6-1.1-24-9(a). The owner has one year to redeem the property. *Id*. §§ 6-1.1-25-1, -4. If the owner fails to redeem the property within the redemption period, the purchaser is entitled to a tax deed. *Id*. § 6-1.1-25-4. But before the issuance of a tax deed, the purchaser must give "the owner of record at the time of the sale," *id*. § 6-1.1-25-4.5(a), and any interested party "notice by certified mail, return receipt requested," *id*. § -4.5(d). The owner of record and any interested party are entitled to two notices. The first notice must inform the parties of the sale, the redemption period expiration date, and the date on or after a tax deed petition will be filed. *Id.* § -4.5(e). The second notice must inform the parties that the purchaser petitioned for a tax deed. *Id*. § 6-1.1-25-4.6.

Here, Savvy IN presented evidence to the trial court with its petition for a tax deed that it mailed, by certified return receipt requested and first-class mail, the two required notices for each parcel. *Id*. §§ 6-1.1-25-4.5, -4.6. The first notice Savvy IN sent to the Crowes was mailed via certified mail, return receipt requested, notifying the Crowes that the Properties were purchased at the tax sale, the redemption period expired on October 5, 2021, and they intended to petition for a tax deed on or after October 6, 2021. *See id*. § 6-1.1-25-4.5. Savvy IN received the return receipt, which indicated delivery was made on "2-17." Savvy IN also mailed a copy of the notice to the Crowes via first-class mail. The redemption period came

and went without payment, and Savvy petitioned for the tax deeds of the Properties.

The second required statutory notice was sent to the Crowes via certified and first-class mail, notifying them that Savvy IN petitioned the court for the Properties' tax deeds. *See id*. § 6-1.1-25-4.6. The certified return receipt revealed delivery was made on "12-13-[indecipherable year]," with lines drawn through the signatory's name and an indecipherable signature. Once again, neither the certified mail nor the first-class mail was returned to Savvy IN as undeliverable. Yet the Crowes argued they did not receive any notices, rendering the judgment and the tax deeds void. But none of the four mailings, either certified mail or first-class mail, that Savvy IN sent to the Crowes' mailing address were returned marked undeliverable, confirming the notices were delivered and that no additional reasonable steps needed to be taken. *Land Trust*, 155 N.E.3d at 1188 (noting that, if both certified and first-class mail are returned to the sender, then an auditor need only take "an additional reasonable step if practical"). "Failure by an owner to receive or accept the notice required . . . does not affect the validity of the judgment and order." I.C. § 6-1.1-24-4(a).

## Conclusion

Savvy IN's mailed notices satisfied the constitutional and statutory requirements, and it is thus entitled to the tax deeds issued by the trial court. The trial court is affirmed.

Rush, C.J., and Slaughter, Goff, and Molter, JJ., concur.

ATTORNEYS FOR APPELLANT

Ralph E. Sipes

Anderson, Indiana

ATTORNEYS FOR APPELLEE

Lewis Maudlin

Bedford, Indiana

Thomas C. Buchanan

Buchanan & Bruggenschmidt, P.C.

Zionsville, Indiana

Vivek Vinod Gupta

Highland Beach, Florida